UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| QUINCY MCCOMAS, )<br>  )<br>       Plaintiff, )<br>  )       3:11-cv-00752-RCJ-VPC<br>   vs. )<br>  )<br>BANK OF AMERICA CORP. et al., )       **ORDER**<br>  )<br>       Defendants. )<br>_____ ) | |

This is a residential foreclosure case. Pending before the Court is Plaintiff's motion to reconsider dismissal. For the reasons given herein, the Court denies the motion.

Plaintiff Quincy McComas sued Defendants Bank of America Corp., Bank of America, N.A., and Bank of America Home Loans (collectively, "BOA") in state court on what appeared to be a claim for statutorily defective foreclosure under Chapter 107. Defendants removed and moved to dismiss on October 25, 2011. Plaintiff failed to respond but three months later requested an indefinite extension of time to respond. Counsel for Plaintiff claimed to have suffered a computer failure and also to have never received the motion to dismiss, despite the certificate of service attached thereto and counsel's mandatory participation in the CM/ECF electronic delivery system. Even still, Plaintiff lodged no response when making the request for an extension, and two months thereafter (five months after Defendants filed the motion to dismiss), Plaintiff had still not substantively responded. The Court therefore granted the motion to dismiss.

The Court also noted that a review of the public records adduced with Defendants'

1  motion to dismiss indicated a statutorily proper foreclosure, as the original lender, BOA, had
2  assigned the note and deed of trust to BAC, which in turn had substituted Recontrust as trustee,
3  which in turn had filed the notice of default, all on March 30, 2011.  The motion was therefore
4  meritorious even if Plaintiff had timely responded.
5      Plaintiff has asked the Court to reconsider.  The substance of Plaintiff's motion covers
6  the length of less than one full page.  Plaintiff simply notes that he filed a response on April 20,
7  2012 and asks the Court to consider it.  The Court authored the dismissal order before Plaintiff
8  filed his (five-and-a-half-month-late) response, but the order did not issue until after the response
9  was filed.  The Court declines to consider the untimely response on reconsideration.  It is
10 inadequate in any case.  Plaintiff mainly argues that bank representatives failed to encourage him
11 to obtain legal counsel before foreclosure.  Plaintiff does not allege any Defendant had any duty
12 to so advise him.  More importantly, Plaintiff nowhere denies default or identifies any statutory
13 defect in foreclosure.  Plaintiff disclaims any such causes of action and relies entirely on a claim
14 of misrepresentation.  Plaintiff alleges in the Complaint that he defaulted because a BOA
15 representative told him BOA would not consider a loan modification unless he were in default.
16 However, Plaintiff does not allege that any BOA representative promised him a modification or
17 that BOA's policy permits modifications before default.  Plaintiff has therefore not sufficiently
18 alleged promissory estoppel or any false statement by BOA's representatives.

## CONCLUSION

20    IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 18) is DENIED.
21    IT IS SO ORDERED.
22 DATED this 6th day of September, 2012.

_____
ROBERT C. JONES
United States District Judge